FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

2007 DEC 28  PM 2: 11

OFFICE OF THE CLERK

DON A. HYDE,                                     )          Case No. 4:07cv3091
                                                 )
                    Plaintiff,                   )
                                                 )             **ORDER ON**
        vs.                                      )          **FINAL PRETRIAL**
                                                 )           **CONFERENCE**
UNION PACIFIC RAILROAD                           )
COMPANY,                                         )
                                                 )
                    Defendant.                   )


        A final pretrial conference was held on the 28th day of December, 2007.  Appearing
for the parties as counsel were Corey L. Stull on behalf of Plaintiff, Don A. Hyde ("Hyde"),
and Scott P. Moore on behalf of Defendant, Union Pacific Railroad Company ("Union
Pacific").

        **(A)    Exhibits.**  See attached Exhibit Lists.  Plaintiff filed a motion to strike and
objections to Defendant's Trial Exhibit List because it was served six days after the
deadline set forth in the scheduling order, and because it is non-compliant with the Rules
of Civil Procedure.  *Plaintiff's motion to strike exhibits, filing #67, is*

        **(B)    Uncontroverted Facts.**  The parties have agreed that the following may be *denied,*
accepted as established facts for purposes of this case only:

*QP*

        1.      Hyde injured his right eye at the age of nine when a comb hit his eye and
                damaged his retina.

        2.      During his junior year in high school, Hyde's right eye was replaced with a
                prosthetic eye.

        3.      Hyde does not take any medication because of his monocular vision and has
                never been hospitalized because of his prosthetic eye.

        4.      On January 21, 2006, Hyde completed an application for employment for a

train service position with Union Pacific.

5.    On January 26, 2006, Hyde attended a Union Pacific hiring class at a motel in North Platte, Nebraska, at which he was informed of the duties of the train service position, took a reading comprehension test, and participated in an interview.

6.    After the interviews, Al Page, a Union Pacific hiring manager, made Hyde and approximately six other individuals offers of employment in a train service position and invited them back the next day for a hiring meeting.

7.    On January 27, 2006, Hyde signed Union Pacific's Terms and Conditions of Employment, which provides, in part, "I agree that the rules of the company governing physical qualification of employees shall be conclusive as to my physical fitness to enter, resume or continue in the company's service, or in any department thereof."

8.    On January 30, 2006, Hyde reported for the medical examination and completed a health history form on which he revealed his monocular vision.

9.    Hyde signed a "Medical Consent Form," which provided in part, "I understand that the purpose of this evaluation is to obtain information to verify that my health status is consistent with the medical and physical requirements of my job."

10.    Hyde resigned from his job at Baldwin Filters on January 31, 2006, effective February 3, 2006 and he was earning $14.16per hour at that time.

11.    Hyde began the training class for the train service position with Union Pacific on February 6, 2006.

12.    Hyde was employed by Union Pacific and completed four days of the training class when he was terminated by Union Pacific

13.    Hyde received a letter from Union Pacific after he was terminated requesting additional information regarding the quality of vision in his remaining eye.

14.    On February 10, 2006, Hyde was examined by Dr. Kim Baxter, who sent a

2

letter to Union Pacific, including a report on the examination, confirming Hyde had monocular vision and listing the visual acuity and peripheral vision of his remaining eye.

15.  Train Service employees at Union Pacific are governed by a collective bargaining agreement between Union Pacific and the United Transportation Union.

16.  The Union Pacific fills its locomotive engineer positions from the train service ranks.

17.  After his termination, Hyde was rehired at Baldwin Filters on February 20, 2006, at a rate of $10.67 per hour.

(C)  **Controverted and Unresolved Issues.**  The parties have agreed that the following may be accepted as established facts for the purpose of this case only:

18  Plaintiff is a Nebraska resident.

19  Defendant is a Nebraska corporation in good standing having a principal place of business in Omaha, Nebraska.

20  At all times relevant to Plaintiff's claims, Defendant was an employer as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12112, et seq. ("ADA") and the Nebraska Fair Employment Practices Act, Neb.Rev.Stat. §§ 48 1101, et seq. ("NFEPA").

21  Union Pacific terminated Hyde's employment as a train service employee on February 10, 2006.

The parties agree that the issues remaining to be determined and unresolved matters for the court's attention are:

1.  Whether Hyde is a qualified individual with a disability as defined by the ADA and the NFEPA.

2.  Whether Hyde's monocular vision substantially limits him in one or more major life activities.

3.  Whether Union Pacific regarded or perceived Mr. Hyde's monocular vision

3

as substantially limiting in one or more major life activities.

4.      Whether Hyde has a record that his monocular vision substantially limited him in one or more major life activities.

5.      Whether Union Pacific intentionally discriminated against Hyde based on disability in violation of the ADA and the NFEPA by terminating Hyde's employment.

6.      Whether Union Pacific failed to grant Hyde a reasonable accommodation as required by the ADA and the NFEPA.

7.      Whether granting Hyde a reasonable accommodation would have imposed an undue burden or fundamental alteration on Union Pacific.

8.      Whether Union Pacific was estopped from terminating Hyde's employment.

9.      Whether Hyde failed to exhaust his administrative remedies as to his ADA and NFEPA claims.

10.     Whether Union Pacific had reasonable grounds for believing it had not violated federal or state law in connection with the termination of Hyde's employment.

11.     Whether Hyde questioned Al Page as to how his monocular vision would affect his employment at Union Pacific.

12.     Whether Al Page told Hyde that his monocular vision would not affect his employment with the Union Pacific.

13.     Whether Hyde told Mr. Page that he did not want to resign his job with Baldwin Filters if his monocular vision would affect his employment with Union Pacific.

14.     Whether Al Page told Mr. Hyde that it was safe to resign his position with Baldwin Filters because his monocular vision would not affect his employment with Union Pacific.

15.     Whether Hyde relied upon Al Page's statements to his detriment.

16.     Whether Hyde's reliance upon Al Page's statements was reasonable and

4

foreseeable.

17.    If liability is found against Union Pacific, whether Union Pacific acted with malice or reckless indifference in its decision to terminate Hyde's employment.

18.    If liability is found against Union Pacific, whether Hyde has actually mitigated his damages, or failed to reasonably mitigate his damages.

19.    If liability is found against Union Pacific, whether Hyde is entitled to any of the following remedies in regard to his claims:

    ✗ a.    Post-termination back pay (ADA and NFEPA)

    b.    Front pay (ADA and NFEPA)

    c.    Punitive damages (ADA)

    d.    Attorney's fees (ADA and NFEPA)

    e.    Reliance damages (Promissory Estoppel)

    f.    Court costs (all claims)

20.    Union Pacific's pending motion for summary judgment.

The Plaintiff believes that the additional issues remaining to be determined and unresolved matters for the court's attention are

1.    Whether the force-promotion provision of the collective bargaining agreement can supercede the ADA.

2.    Whether Union Pacific's per se requirement that Train Service employees have binocular vision is contrary to Union Pacific's own job duty and skill requirements.

**(D)    Witnesses.**  All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are: <u>See Witness List.</u>  It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein

✗ Pl. shall file stmt of special damages filed by Jan. 4, 2008. ᴺᴾ.

5

shall be permitted to testify over objection for any purpose except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

### (E)   Expert Witnesses' Qualifications.

Experts to be called by plaintiff and their qualifications are: Dr. Baxter was a physician to whom the Union Pacific sent the Plaintiff. His curriculum vitae has been provided to Defendant previously. He was not a witness who was retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party regularly involve giving expert testimony. Rather, his testimony will be limited to his opinions as they relate to the findings he made with respect to the Plaintiff at Union Pacific's request and whether Plaintiff can perform the functions of a trainmen or engineer based upon that testing. His testimony will be based upon the scope and purpose of his examination requested by Union Pacific. According to this Court's progression order of August 17, 2007 and Federal Rule of Civil Procedure 26(a)(2), no report is required as Dr. Baxter was a treating physician rather than "retained or specifically employed to provide expert testimony in this case." His testimony is tied to the core reason and purpose of his examination and treatment of Plaintiff, namely, whether Plaintiff can complete the essential functions related to vision of the position of train service. Moreover, Plaintiff did disclose on October 1, 2007 that Dr. Baxter would offer opinions based upon his testing, treatment and examination of Plaintiff. Treating Physician's are allowed to provided opinion testimony pursuant to Federal Rule of Civil Procedure 26 (a)(2) and the corresponding Advisory Committee Notes of 1993, Federal Rule of Evidence 701, and this Court's decision in Rohrberg v. Zimmer, Inc., 2006 U.S. Dist. LEXIS 78220 (D. Neb. 2006).

Defendant objects to Plaintiff offering expert testimony from Dr. Baxter beyond the fact that he examined Hyde and the results of his examination. Dr. Baxter was disclosed

*Motion in limine will be Filed. PP.*

6

as a treating physician. Plaintiff did not disclose that Dr. Baxter would offer an opinion as to whether Plaintiff is a person with a disability under the ADA or NFEPA, nor that Dr. Baxter would opine as to whether Hyde can perform the job functions of a train service employee at Union Pacific. Moreover, Plaintiff did not offer Dr. Baxter as a retained expert or provide a complete report pursuant to Fed.R.Civ.P. 26(b)(2) regarding the additional opinions beyond his role as treating physician. Union Pacific will file a motion in limine on this issue.

Experts to be called by defendant and their qualifications are: None

**(F)** **Depositions and Other Discovery Documents.** The plaintiff expects to offer the following depositions and other discovery documents as part of the plaintiff's case-in-chief:

1.   Deposition of Al Page
2.   Deposition of Kim A. Baxter, O.D.
3.   Deposition of Lacie Kavan
4.   Defendant's Response to Plaintiff"s Requests for Admissions

Objections by the defendant are: The Court's Progression Order provided that "In accordance with NEGenR 1.1(c), unless otherwise ordered, the requirement of NECivR 16.2(a)(2)(F), of designating discovery intended to be utilized at trial, is suspended for this case." Because there is no listing of page and line of the portions of deposition which will be utilized, Defendant reserves the right to make objections when the portions of the deposition to be used, if any, are disclosed.   — *ok* *p̸.*

Caution: Objections not so disclosed, other than objections under Federal Rules of Evidence 402 and 403, shall be deemed waived unless excused by the court for good cause shown.

7

The defendant expects to offer the following depositions and other discovery documents as part of the defendant's case-in-chief: None

Objections by the plaintiff are: NA

Caution: Objections not so disclosed, other than objections under Federal Rules of Evidence 402 and 403, shall be deemed waived unless excused by the court for good cause shown.

**(G)    Voir Dire.**  Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

The parties request that the Court conduct a preliminary examination of prospective jurors, with counsel for both parties asking follow-up questions.

**(H)    Number of Jurors.**    Counsel have reviewed Federal Rule of Civil Procedure48 and NECivR 48.1 and Plaintiff suggests  that this matter be tried to a jury composed of 7 members and Defendant suggests this matter be tried to a jury composed of 12 members.

**(I)    Verdict.**  The Plaintiff will stipulate to a less than unanimous verdict and Defendant will not stipulate to a less-than-unanimous verdict.

**(J)    Briefs, Instructions, and Proposed Findings.**  Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

Unless otherwise ordered, trial briefs shall be filed five (5) working days before the first day of trial and proposed jury instructions shall be delivered to the Judge on or before the first day of trial.

**(K)    Length of Trial.**  Counsel estimate the length of trial will consume not less than 2 day(s), not more than 3 day(s), and probably about 2 day(s).

8

*9:00 a.m.*

**(L)   Trial Date.**   Trial is set for ~~Jan. 28, 2008~~ , in *Lincoln*, Nebraska.

**(M)   Other Matters.**   Union Pacific asserts that Hyde's promissory estoppel claims an equitable claim for which he is not entitled to a jury.  Union Pacific requests that the promissory estoppel claim not be submitted to the jury, but rather decided by the Court.

DON A. HYDE, Plaintiff

By _____

    Corey L. Stull (#20336)
    PERRY, GUTHERY, HAASE, &
    GESSFORD, P.C., L.L.O
    233 South 13th Street, Suite 1400
    Lincoln, Nebraska 68508
    (402) 476-9200
    cstull@perrylawfirm.com

    **Attorneys for Plaintiff**

UNION PACIFIC RAILROAD COMPANY,
Defendant

By _____

    Scott P. Moore (#20752)
    Allison D. Balus (#23270)
    BAIRD HOLM LLP
    1500 Woodmen Tower
    Omaha, NE 68102-2068
    Phone:  (402) 636-8268
    Fax:  (402) 231-8552
    E-mail:  spmoore@bairdholm.com

    **Attorneys for Defendant**

BY THE COURT:

9

DOCS/830871.1

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DON A. HYDE,                          )        Case No. 4:07cv3091
                                      )
            Plaintiff,                )        *Joint*
                                      )        **TRIAL WITNESS LIST**
      vs.                             )
                                      )
UNION PACIFIC RAILROAD                )
COMPANY,                              )
                                      )
            Defendant.                )

*(No obj.)*

The parties make the following disclosures of their witnesses for trial:

1. The name and the address of each individual Plaintiff expects to present at trial to testify:

   • Don A. Hyde, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

   • Al Page, Union Pacific Railroad Company, 1400 Douglas Street, Omaha, NE 68179, (402) 544-4326.

   • Jeanette Randone, Union Pacific Railroad Company, 1400 Douglas Street, Omaha, NE 68179, (402) 544-4326

   • Kim A. Baxter, O.D., Complete Eyecare Associates, 111 South Bailey, North Platte, NE 69101, (308) 534-2000

2. The name, and, if known, the address of each individual likely to testify for Plaintiff if the need arises:

   • Dr. Timothy McCormick, Union Pacific Railroad Company, 1400 Douglas Street, Omaha, NE 68179, (402) 544-4326

   • Dr. Kelley, Union Pacific Railroad Company, 1400 Douglas Street, Omaha, NE 68179, (402) 544-4326

- Melissa Schop, EEO compliance Manager, Union Pacific Railroad Company, 1400 Douglas Street, Omaha, NE 68179, (308) 544-4326.

- Lacie Kavan, Benefits Department Employee, Union Pacific Railroad Company, 1400 Douglas Street, Omaha, NE 68179, (402) 544-4326

- Brian Tabler, address unknown at this time, (308) 382-9214

- Larry Walker, Union Pacific Railroad Company, 1400 Douglas Street, Omaha, NE 68179, (402) 544-4326

- Bill Miller, Union Pacific Railroad Company, 1400 Douglas Street, Omaha, NE 68179, (402) 544-4326

- Robert Buffington, North Platte, NE 69101

- Scott L. Pearson, North Platte, NE 69101

- Sharla Hickey, Madrid, NE 69150

- Frank Harwager, Stapleton, NE 69163

- Robert Bostwick, ███████████, North Platte, NE 69101

- Adam J. Sheesley, ███████████ North Platte, NE 69101

- Paige Teets, ███████████ North Platte, NE 69101

- Josh Herbst, ███████████ North Platte, NE 69103

- Carrie Easton, ███████████ North Platte, NE 69101

- Cathy Wearin, ███████████ North Platte, NE 69101

- Julie from UP's health department

- Karla Rickett, Union Pacific Railroad Company, 1400 Douglas Street, Omaha, NE 68179, (402) 544-4326

- Mike Wallace

- Larry Wallace

- Benefits Department Employee, Baldwin Filters, 440 East Highway 30, Kearney, NE 68847

- Kelly Seachord, Union Pacific Railroad Company, 1400 Douglas Street, Omaha, NE 68179, (402) 544-4326

- Ray Peeler, Union Pacific Railroad Company, 1400 Douglas Street, Omaha, NE 68179, (402) 544-4326

- Any witnesses listed by Defendant

3.    The name and the address of each individual Defendant expects to present at trial to testify:

- Don A. Hyde, Plaintiff
- Al Page, Union Pacific Railroad Company, 1400 Douglas Street, Omaha, NE 68179
- Alan Weed, Union Pacific Railroad Company, 1400 Douglas Street, Omaha, NE 68179
- John Kelly, M.D., Union Pacific Railroad Company, 1400 Douglas Street, Omaha, NE 68179

4.    The name and the address of each additional individual likely to testify for Defendant if the need arises:

- Jeannette Randone, Union Pacific Railroad Company, 1400 Douglas Street, Omaha, NE 68179
- Karla Rickett, Union Pacific Railroad Company, 1400 Douglas Street, Omaha, NE 68179
- Timothy McCormick, M.D., Union Pacific Railroad Company, 1400 Douglas Street Omaha, NE 68179
- Dr. Kim Baxter, 111 South Bailey, North Platte, Nebraska 69101
- Lacie Kavan, Union Pacific Railroad Company, 1400 Douglas Street Omaha, NE 68179
- Any witness listed by Plaintiff

DOCS/830864.1

–3–

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DON A. HYDE, | ) | Case No. 4:07-CV-03091 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S EXHIBIT LIST

Trial Date:

| EXHIBIT PL | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
| 1 | | Agreement between Union Pacific and United Transportation Union | ✓ | | ✓ | | |
| 2 | | Application of Don Hyde dated December 29, 2005 | | | | | |
| 3 | | Union Pacific Health History Form | | | | | |
| 4 | | Union Pacific Medical Consent Form | | | | | |
| 5 | | Union Pacific Job Offer Accepted Form | | | | | |
| 6 | | Conditional Offer of Employment | | | | | |
| 7 | | Acknowledgment of Contingent Job Offer for Train Service | | | | | |
| 8 | | Terms and Conditions of Employment | | | | | |
| 9 | | Training Information | | | | | |
| 10 | | LHI Pre-placement Medical assessment instructions | | | | | |
| 11 | | Don A. Hyde's Resignation from Baldwin Filters | | | | | |
| 12 | | Train Service Position Description Brief | | | | | |

OBJECTIONS
Hearsay...........H
Relevancy.......R
Materiality......M
Foundation......F
Other...............O

| EXHIBIT PL | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
| 13 | | Union Pacific Railroad Engineer Job Description Brief | ✓ | | ✓ | | |
| 14 | | February 7, 2006 letter to Don Hyde from Jeannette Randone, RN for Union Pacific | | | ✓ | | |
| 15 | | February 10, 2006 letter to Union Pacific from Kim A. Baxter, O.D. | | | ✓ | | |
| 16 | | Eye Examination from Kim A. Baxter, O.D. | | | ✓ | | |
| 17 | | December 1, 2006 letter to Don Hyde from Camalynn Clark | | R, H, O | | | |
| 18 | | Don A. Hyde's 2006 Tax Returns | | | ✓ | | |
| 19 | | June 25, 2007 letter from Baldwin Filters to Perry Law Firm | | R, H, O | | | |
| 20 | | Baldwin Filters Info Guide | | | ✓ | | |
| 21 | | Benefits Statement for Don A. Hyde from Baldwin Filters | | | | | |
| 22 | | Earnings Statement from Don A. Hyde from Baldwin Filters | | | | | |
| 23 | | Union Pacific Payment Summary for Don A. Hyde | | | | | |
| 24 | | Payroll information dated February 28, 2006 and March 15, 2006 | | | | | |
| 25 | | October 19, 2007 letter from Scott Moore to Corey L. Stull | | | | | |
| 26 | | October 23, 2007 letter from Scott Moore to Corey L. Stull | | | | | |
| 27 | | Charge of Discrimination | | | | | |
| 28 | | Dismissal & Notice of Rights dated January 30, 2007 | | | | | |
| 29 | | April 20, 2006 letter to Barbara Albers from NEOC from Melissa Schop, EEO Compliance, Union Pacific | | R, O | | | |
| 30 | | Declaration of Alan Weed | | | ✓ | | |
| 31 | | Declaration of John T. Kelly, M.D. | | | ✓ | | |
| 32 | | Union Pacific's Report of Monocular Vision and Train Service Employee's | | O | ✓ | | |

OBJECTIONS
Hearsay...........H
Relevancy.......R
Materiality......M
Foundation......F
Other..............O

Page 2 of 4

| EXHIBIT PL | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
| 33 | | Union Pacific Benefits | ✓ | | ✓ | | |
| 34 | | Union Pacific Train Crew/Service Pay information | | | ✓ | | |
| 35 | | UPREHS Challenger Health Plan | | R, D | | | |
| 36 | | Health and Welfare Coverage for Union Pacific Employees | | | ✓ | | |
| 37 | | Railroad Employees National and Dental Plan | | | | | |
| 38 | | Railroad Employees National Early Retirement Major Medical Benefit Plan | | | | | |
| 39 | | National Railway Carriers and United Transportation Union Health and Welfare Plan | | | | | |
| 40 | | Life Insurance Benefits for U.S. Employees and Retirees | | | | | |
| 41 | | National Vision Plan for Railroad Employees | | | | | |
| 42 | | United Transportation Union Fringe Benefits | | | | | |
| 43 | | Union Pacific's Monthly cost of Medical Benefits paid by the company | | | | | |
| 44 | | 2006 United Transportation Union Standard Basic Rate of Pay | | | | | |
| 45 | | 2007 United Transportation Union Standard Basic Rate of Pay | | | | | |
| 46 | | December 31, 2007 United Transportation Union Standard Basic Rate of Pay | | | | | |
| 47 | | Mediation Agreement between railroads represented by the National Carriers' Conference Committee and United Transportation Union | | | | | |
| 48 | | September 26, 1983 letter from United transportation Union to the General Committees of Adjustment | | | | | |
| 49 | | Union Pacific Facsimile to Tammy Potter from Ray | | | | | |

OBJECTIONS
Hearsay............H
Relevancy.......R
Materiality......M
Foundation......F
Other..............O

| EXHIBIT PL   DF | | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
| 50 | | Earning details for New Hire Class of February 6, 2006 | ✓ | | ✓ | | |
| 51 | | Transcript of the Deposition of Kim A. Baxter, O.D. | | | ✓ | | |
| 52 | | Declaration of Kim A. Baxter, O.D. | | R, D | | | |
| 53 | | Curriculum Vitae of Kim A. Baxter, O.D. | | | ✓ | | |

The following exhibits will be used only if the need arises:

| EXHIBIT PL   DF | | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
| 54 | | Deposition of Don A. Hyde | | | | | |
| 55 | | Deposition of Al Page | | | | | |
| 56 | | Declaration of Al Page | | | | | |
| 57 | | Transcript of the Deposition of Union Pacific Benefits Personnel | | | | | |

Any document needed for Impeachment rebuttal

Any exhibits listed by Defendant

   DATED this 14th day of December, 2007

                          DON A. HYDE, Plaintiff

              BY:   PERRY, GUTHERY, HAASE
                    & GESSFORD, P.C., L.L.O.


              BY:   /s/ Corey L. Stull
                    Corey L. Stull, #21336
                    233 South 13th Street, Suite 1400
                    Lincoln, NE 68508
                    Telephone: (402) 476-9200

OBJECTIONS
Hearsay...........H
Relevancy.......R
Materiality......M
Foundation......F
Other...............O

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

DON A. HYDE,

       Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

       Defendant.

CASE NO.: 4:07-CV-03091

PLAINTIFF'S OBJECTIONS TO
DEFENDANT'S TRIAL EXHIBIT LIST

Trial Dates:

* Objections
Materiality - M Hearsay - H
Relevancy - R Foundation F
Authenticity - A Other – O

| EXHIBIT NO. PL | EXHIBIT NO. DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
|  | 100 | Plaintiff's Application for Employment | ✓ |  | ✓ |  |  |
|  | 101 | Conditional Offer of Employment |  |  |  |  |  |
|  | 102 | Acknowledgement of Contingent Job Offer |  |  |  |  |  |
|  | 103 | Train Service Job Description |  |  |  |  |  |
|  | 104 | Terms and Conditions of Employment |  |  |  |  |  |

| EXHIBIT NO. PL | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
| | 105 | Section 3, Union Pacific Medical Standards | ✓ | H,F, R,O | | | |
| | 106 | Congratulations Letter from Union Pacific | | | ✓ | | |
| | 107 | Plaintiff's Health History Form | | | | | |
| | 108 | Important Training Information Notification | | | | | |
| | 109 | Letter to Plaintiff from Jeanette Randone | | | | | |
| | 110 | Letter from Dr. Kim Baxter | | | | | |
| | 111 | Notes of Dr. Kim Baxter's Examination of Plaintiff | | | | | |
| | 112 | Hyde's Answers to Union Pacific's Interrogatories | | H,O | | | |
| | 113 | Memorandum of Agreement #2309079629 Between Union Pacific and the UTU | | H,F, R,O | | | |
| | 114 | Plaintiff's Charge of Discrimination | | | ✓ | | |
| | 115 | NEOC Determination of Finding of No Reasonable Cause | | H,F, R,M A,O | | | |
| | 116 | Plaintiff's Tax Returns and Related Documents from Tax Years 2005 and 2006 | | | ✓ | | |
| | 117 | Email from Scott P. Moore to Corey Stull dated September 21, 2007 | | | | | |
| | 118 | Letter from Scott P. Moore to Corey Stull dated October 19, 2007 | | | | | |
| | 119 | Letter from Scott P. Moore to Corey Stull dated October 23, 2007 | | | | | |
| | 120 | Letter from Scott P. Moore to Corey Stull dated December 7, 2007 | | H,F, R,O | | | |
| | 121 | Video Transcript of Deposition of Dr. Kim Baxter | | | ✓ | | |
| | 122 | Title 49 C.F.R. § 240.121 | | O,H, R,F | | | |
| | 123 | Union Pacific's Equal Opportunity/Affirmative Action and Related Policy Directives | | H,F, R,M ,O | | | |

| EXHIBIT NO. PL | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
| | 124 | Recordings of NEOC Interviews of Plaintiff | ✓ | H,F, R,M ,A,O | | | |
| | 125 | Union Pacific Locomotive Engineer Job Description Brief | ✓ | | ✓ | | |

DATED this 28th day of December 2007.

DON A. HYDE, Plaintiff

BY:   PERRY, GUTHERY, HAASE
      & GESSFORD, P.C., L.L.O.

BY:   _____
      Corey L. Stull, #21336
      233 S. 14th Street, Suite 1400
      Lincoln, NE 68508
      Telephone: (402) 476-9200
      Facsimile:  (402) 476-0094